UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-4935(DSD/AJB)


Jamie Glenn Richardson,

       Petitioner,

v.                                                          **ORDER**

MCF Stillwater,

       Respondent.


      This matter is before the court upon petitioner's objections to the report and recommendation of Magistrate Judge Arthur J. Boylan, dated October 28, 2005.  In his report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be dismissed with prejudice. Following a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge in its entirety.

      To warrant federal habeas relief from a state court conviction, a petitioner must establish that the state court's resolution of a federal constitutional claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  A decision is

contrary to clearly established federal law if it applies a rule that contradicts Supreme Court precedent. Brown v. Payton, 125 S. Ct. 1432, 1438 (2005); Swartz v. Burger, 412 F.3d 1008, 1009-10 (8th Cir. 2005). An unreasonable application of federal law occurs when a state court applies Supreme Court precedent in an "objectively unreasonable manner." Brown, 125 S. Ct. at 1439; Swartz, 412 F.3d at 1009-10. Habeas relief is not warranted when a federal court concludes that a state court erroneously applied federal law. Davis v. Norris, 423 F.3d 868, 875 (8th Cir. 2005) (citing Williams, 529 U.S. at 411). Rather, "the test is whether the state court's application of the law was unreasonable." Id.

As to petitioner's claim that the trial court violated his right to testify, the Minnesota Supreme Court correctly addressed and applied the precedent set forth in Brady v. United States, 397 U.S. 742 (1970), and Rock v. Arkansas, 483 U.S. 44 (1987). See State v. Richardson, 670 N.W.2d 267, 276, 282 (Minn. 2003). As to petitioner's claim that the trial court violated his right to present a complete defense, the Minnesota Supreme Court thoroughly reviewed the trial court's evidentiary ruling that Minnesota Rule of Evidence 404(b) precluded admissibility of certain character evidence offered by petitioner. See id. at 277-81. In doing so, the court specifically and correctly set forth the applicable

Supreme Court precedent.  <u>See</u> <u>id.</u> at 277 (citing <u>California v. Trombetta</u>, 467 U.S. 479 (1984), <u>Washington v. Texas</u>, 388 U.S. 14 (1967) and <u>Chambers v. Mississippi</u>, 410 U.S. 284 (1973)).

Petitioner has failed to show that the decision of the Minnesota Supreme Court is either contrary to, or an unreasonable application of, established federal law.  Therefore, following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is dismissed with prejudice.

Dated:  January 9, 2006

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court